**COMMONWEALTH of Pennsylvania**

v.

**Shawna J. JOHNSON, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 1, 2005.

Decided July 12, 2005.

John Ciroli, Pittsburgh, for appellant.

Gary Matta, Pittsburgh, for appellee.

BEFORE: McGINLEY, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

OPINION BY Judge LEADBETTER.

Shawna J. Johnson appeals from the order of the Court of Common Pleas of Allegheny County (common pleas), which sentenced her for failing to cut her lawn and maintain her swimming pool in violation of the local Property Maintenance Ordinance. Johnson asserts that: (1) the Township had previously withdrawn the charges; (2) the ordinance does not prescribe incarceration; (3) common pleas erred in imposing jail time in Johnson's absence without determining whether she voluntarily failed to appear; and, (4) common pleas erred in failing to state a minimum period of incarceration. We conclude that the court erred in imposing a period of incarceration in the absence of ordinance or statutory authority and, therefore, vacate that portion of the sentence and remand for sentencing in accord with the following opinion.[1]

Beginning in December of 2002 and approximately monthly thereafter through late March of 2003, the Township of Wilkins (Township) notified Johnson by letter that the conditions at her residence violated the Township's Property Maintenance Code. The Township demanded that Johnson cut the grass, clean her pool and remove the rubbish, garbage and dog feces that had accumulated on the porch and yard. When Johnson failed to remedy these conditions, the Township filed an enforcement action with the District Justice. The Township issued two citations, one for property conditions on February 17, 2003 and the second for conditions uncorrected as of March 20, 2003. The citations list the presence of dog feces and excessive rubbish on the porch and in the yard in violation of Section 302.1 of the Property Maintenance Code, unsanitary conditions at her above ground pool in violation of Section 302.11.1, and uncut grass in violation of Section 302.4. Johnson failed to appear at the hearing on June 16, 2003, and in her absence, the District Justice found her guilty of the violations listed in each citation and imposed a $1,000.00 fine for each day, as authorized under Section 106.4 of the Township's Property Maintenance Code.[2] The Dis-

---

1. In light of our decision, we need not address the third and fourth contentions asserted by Johnson.

2. Section 106.4 of the Code states:

Violation penalties. Any person who shall violate a provision of this code, or fail to comply therewith, or with any requirements thereof shall pay a fine or penalty of $1,000, which fine or penalty shall be collected by suit brought in the name of the

trict Justice also sentenced Johnson to thirty days imprisonment for each of the two days.

Johnson appealed to common pleas and that court scheduled a de novo hearing. On October 29, 2003, common pleas heard testimony from both Johnson and the Township's code enforcement officer and received, without objection, pictures of the property. At the conclusion of the hearing, common pleas stated "If you clean up the property within 30 days, I will fine you on one. That would be $1,013.00 and dismiss the other two. That is, if the property is cleaned in 30 days. Otherwise, if it is not clean within 30 days, I am going to fine you on all three."[3] Notes of Testimony October 29, 2003 at 10. When the hearing reconvened, on March 24, 2004, Johnson failed to appear but an attorney from the County public defender's office appeared on her behalf. The court proceeded in her absence and based upon testimony from the Township's code enforcement officer, adjudged her guilty, imposed a $5,000.00 fine and thirty days in jail. Shortly thereafter, upon learning that Johnson had mistakenly appeared in the wrong courtroom, common pleas vacated its order and again continued the case. In its order, common pleas afforded Johnson an additional thirty days to remedy the property conditions. At the reconvened hearing on May 11, 2004, neither Johnson nor her attorney appeared. The Township's solicitor reported that the property conditions remained uncorrected and, based thereon, common pleas imposed the sentence from which Johnson filed the present appeal.

Johnson contends that charges against her were withdrawn on October 29, 2003, when an assistant district attorney announced in court that the district attorney's office is "going to withdraw this case." Oddly, the record contains two separately filed transcripts from October 29. The first, bearing a file date stamp of July 7, 2004, contains only the declaration of withdrawal and the court's response of "All right." The second, bearing a file date stamp of September 15, 2004, contains the testimony of Johnson and the code enforcement officer but does not contain the announcement of withdrawal. In the second of the two October 29 transcripts, the same assistant district attorney who announced withdrawal of the case questioned the enforcement officer on direct examination. While common pleas' opinion contains no explanation of this occurrence, it is apparent that no one involved treated the case as withdrawn. Rather, it appears that the district attorney's office may have withdrawn its participation, appropriately leaving the litigation of this action to the Township solicitor, who attended the hearing convened on May 11, 2004, at which common pleas finally announced the sentence presently under appeal. In any event, it is apparent that the Township, the entity properly pursuing enforcement of its ordinance, never relieved Johnson from her liability for the property code violations.

The record is also unclear as to exactly what penalty common pleas ultimately imposed. On March 24, 2004, at the conclusion of the hearing, common pleas an-

Township before any District Magistrate, in like manner as debts of like amount may be sued for by existing laws. Each day that a violation continues after due notice has been served shall be deemed a separate offense. The fine or penalty may be reduced by official action of the Township Board of Commissioners, upon written rec-

ommendation of the code official who investigated the violation.

3. The record contains only two citations and, other than this statement by common pleas, there is no indication that the DJ imposed fines for more than two days.

nounced Johnson's sentence from the bench: "Thirty days in jail and $5,000 fine, plus costs." N.T. March 24, 2004 at 10. Later on the same day, common pleas learned that Johnson had appeared in the wrong courtroom and, based upon this information, entered an order, as follows:

For cause shown and after hearing in open court, this case is administratively continued until April 23, 04(sic) for, the purpose of allowing the defendant time to abate the condition charged. The Borough or solicitor of the Borough (sic) is hereby ordered to report back to the court on or before May 11, 04(sic) with a status of this matter. If the condition is abated, the defendant will be adjudged not guilty on the above listed administrative trial date. If the condition persists, based on the evidence adduced at trial on this date, the defendant will be adjudged guilty and sanctions imposed. Previous order vacated. Defendant in wrong courtroom.

On May 11, 2004, common pleas convened to hear this matter and only the Township's solicitor appeared. The solicitor stated that Johnson had not corrected the conditions at her property and, based upon this statement, common pleas announced, "The order last time was $5,000 and/or 30 days. I am going to find her guilty and sentence her to 30 days in the jail." N.T. May 11, 2004 at 2. On the same day, common pleas entered an order on a pre-printed form indicating: "Defendant is adjudged guilty. Sentence below. Previous Admin. Order. Viol. Not abated. Applicable sentence: fine plus costs 30 days ACJ." The following day the clerk of courts mailed to Johnson a form demanding payment of a fine in the amount of $1,000 plus costs of $47.00 and, in an apparent miscalculation, stating as the "total due": "1047.00—82.50 = 1014.50 due by

7–12–04." Finally, in its opinion pursuant to Pa. R.A.P.1925(a), common pleas explained that:

"On May 11, 2004, at the scheduled hearing, Defendant once again failed to appear and never gave this Court notice that she was unable to attend the hearing. Accordingly, Defendant was adjudged guilty of violating Ordinance 928 [the ordinance adopting the Property Maintenance Code]. Therefore, this Court sentenced her to thirty (30) days in jail."

Common pleas op. at 2. From these pronouncements, we cannot discern with any certainty whether common pleas ultimately imposed a fine and jail time or only jail time. However, we can determine as a matter of law that any imposition of jail time is improper.

Pursuant to Section 1601 of the Second Class Township Code,[4] an ordinance regulating property maintenance:

[s]hall provide that its enforcement shall be by action brought before a district justice in the same manner provided for the enforcement of summary offenses under the Pennsylvania Rules of Criminal Procedure. The municipal solicitor may assume charge of the prosecution without the consent of the District Attorney.... The board of supervisors may prescribe criminal fines not to exceed one thousand dollars ($1,000) per violation and may prescribe imprisonment to the extent allowed by law for the punishment of summary offenses.

53 P.S. § 66601. While the supervisors of Wilkins Township could have authorized imprisonment for a violation of the Property Maintenance Code, they did not do so. The ordinance authorizes only the imposition of a fine; it does not authorize incar-

---

4. Act of May 1, 1933, P.L. 103, *as amended.*

ceration either for violations of the Property Maintenance Code or for failing to pay a fine therefore within a prescribed time. The ordinance provides only that "Any person who shall violate a provision of this code, or fail to comply therewith, or with any requirements thereof shall pay a fine or penalty of $1,000 . . . ." and that "[e]ach day that a violation continues after due notice has been served shall be deemed a separate offense."

In addition, the violation of a local Property Maintenance Code is not a summary offense for which imprisonment up to 90 days is authorized under Section 1105 of the Crimes Code, 18 Pa.C.S. § 1105. Under the definition in the Crimes Code, a "summary offense" is an offense "so designated in this title, or in a statute other than this title; or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than 90 days." 18 Pa.C.S. § 106(c). Plainly, the ordinance at issue does not provide for a sentence of imprisonment, and the charges at issue do not arise under the Crimes Code. Moreover, the statutory direction found in the Second Class Township Code that the Township enforce its Property Maintenance Code under the criminal rules applicable to summary offenses establishes the applicable rules of procedure, but it does not specifically designate such violations as summary offenses. Since it provides only that the Township supervisors *"may* prescribe imprisonment to the extent allowed by law for the punishment of summary offenses," we must conclude that the General Assembly did not intend the language in Section 1601 to *automatically* trigger the 90-day imprisonment penalty for summary offenses provided in Section 1105 of the Crimes Code. Otherwise, the "supervisors may prescribe" language of the Township Code would be meaningless. Because the penalty established in the Township's ordi-

nance does not include any term of imprisonment, common pleas erred in imposing this penalty.

Accordingly, we vacate the sentence and remand for the imposition of a sentence authorized by the ordinance.

### ORDER

AND NOW, this 12th day of July, 2005, the order of the Court of Common Pleas of Allegheny County in the above captioned matter is hereby VACATED and this matter is REMANDED for re-sentencing in accordance with this opinion.

Jurisdiction is relinquished.